Order Entered.

David L. Bissett
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GARY DEWAYNE FRYE and | ) | Case No.: 3:20-bk-00174 |
| CRYSTAL LYNN MCCAULEY, | ) | |
| | ) | |
|     Debtors. | ) | |
| ───────────────────────── | ) | |
| | ) | |
| NICHOLAS WALLACE, as Parent and | ) | |
| Next Friend of A.W., an Infant, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Ap No.: 3:20-ap-00027 |
| | ) | |
| GARY DEWAYNE FRYE and | ) | |
| CRYSTAL LYNN MCCAULEY, | ) | |
| | ) | |
|     Defendants. | ) | |
| ───────────────────────── | ) | |

## MEMORANDUM OPINION

Pending before the court is a motion to dismiss the complaint filed by Nicholas Wallace, as Parent and Next Friend of A.W., an Infant (the "Plaintiff"). Gary Dewayne Frye and Crystal Lynn McCauley (the "Debtors") move to dismiss the Plaintiff's adversary complaint for a failure to state a claim upon which relief can be granted. The Plaintiff opposes the motion, as he argues that his complaint states two plausible claims upon which relief can be granted. Specifically, the Plaintiff contends that the judgment he obtained against the Debtors should be excepted from their Chapter 7 discharge or that the court should deny the Debtors' discharge altogether.

For the reasons stated herein, the court will grant in part and deny in part the Debtors' motion to dismiss.

1

## I.    BACKGROUND

The facts in this case are largely undisputed. The Plaintiff is a resident of Jefferson County, West Virginia. The Debtors are also residents of Jefferson County, West Virginia. In fact, they are the Plaintiff's neighbors. They also have a dog, Titan, and a child who is seemingly friends with A.W.

On September 15, 2018, A.W. was outside riding his bicycle with the Debtors' child in front of the Debtors' property while Ms. McCauley rode her lawnmower. The Debtors' dog was also outside, seemingly unattended and without being placed on a leash or any other restraint. Ultimately, the dog ran towards A.W. and bit him. He sustained serious injuries and required medical treatment. In addition, A.W. allegedly suffered emotional distress due to the dog bite.

On December 11, 2018, the Plaintiff filed a complaint against the Debtors in the Circuit Court of Jefferson County, West Virginia (the "State Court"). The Debtors failed to respond or otherwise appear and defend in the action. On January 30, 2019, the court granted the Plaintiff's motion for default judgment. The State Court scheduled a hearing regarding damages for April 22, 2019, but the court continued the hearing and eventually held it on December 6, 2019. The Debtors again failed to appear. The court ultimately awarded the Plaintiff $26,570.37 in compensatory damages and $20,000.00 in punitive damages for the dog bite. Notably, the court found that the Debtors were "aware the dog at issue had bitten another young boy and had knocked over another child off a bike," that they had "knowledge of the vicious nature of this dog," and that Ms. McCauley "was present at the time of the attack, outside of her house riding a lawnmower with her dog nearby running loose and not restrained in any way." Moreover, the court also stated that the Debtors' actions were "extraordinarily egregious and [rose] to the level of willful and malicious behavior."

On February 28, 2020, the Debtors filed their Chapter 7 petition. On April 23, 2020, the trustee appointed to the case conducted a meeting of creditors as prescribed by § 341 of the Bankruptcy Code. After the meeting, the trustee indicated that the Debtors' case would be a no asset case. On June 22, 2020, the Plaintiff filed his complaint which initiated this adversary proceeding.

## II.    STANDARD OF REVIEW

Under Fed. R. Civ. P. ("Rule") 12(b)(6), a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b)

2

(incorporating Rule 12(b)(6)). To survive a Rule 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). As the Fourth Circuit has explained, the plausibility standard requires a plaintiff "to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility' of 'entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Finally, when courts evaluate a motion to dismiss, they are to (1) construe the complaint in a light favorable to the plaintiff, (2) take factual allegations as true, and (3) draw all reasonable inferences in favor of the plaintiff. 5C Charles Wright & Arthur Miller, Federal Practice and Procedure § 1357 (3d. ed. 2012) (collecting thousands of cases).

The court's role in ruling on a motion to dismiss is not to weigh the evidence, but to analyze the legal feasibility of the complaint. *See Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998). In fact, the court is "limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)).

### III.   DISCUSSION

The Debtors argue that the Plaintiff failed to state a claim upon which relief can be granted. Specifically, they claim that the debt is dischargeable and that they should receive a discharge because §§ 523(a)(6) and 727(a)(2)(A) are not applicable in this context. The Plaintiff disagrees and maintains that his two-count complaint should survive the motion to dismiss. The court will address both counts in turn.

**A. Count I – Willful and Malicious Injury**

The Debtors move to dismiss the Plaintiff's claim that the debt owed is excepted from discharge under § 523(a)(6) of the Bankruptcy Code. Specifically, they argue that the court should dismiss Count I because the injury the Plaintiff sustained was not willfully or maliciously inflicted by the Debtors. Moreover, the Debtors claim that collateral estoppel does not apply in this case because the State Court only found their actions to be "egregious," not deliberate or intentional.

The Plaintiff opposes the Debtors' motion to dismiss.  He argues that he stated a plausible claim because he pleaded the willful and malicious injury requirements under § 523(a)(6).  Specifically, he claims that the circumstances surrounding the dog bite, especially the Debtors' knowledge of their dog's propensity for aggression and their failure to contain the dog when it was around the Plaintiff, constitute justifiable means to except the debt from discharge.  In support, he cites to several cases, including *Anaya v. Cardoza (In re Cardoza)*, No. 18-12654-j7, Adv. No. 19-1002 J, 2019 Bankr. LEXIS 1392, at *1 (Bankr. D.N.M. May 3, 2019), *Zauper v. Lababit (In re Lababit)*, Ch. 7 Case Nos. WW-09-1020-MoPaR, WW-09-1030-MoPaR, 2009 Bankr. LEXIS 4524, at *1 (B.A.P. 9th Cir. 2009), and *Kelt v. Quezada (In re Quezada)*, 718 F.2d 121 (5th Cir. 1983).

The Bankruptcy Code offers "broad provisions for the discharge of debts, subject to exceptions." *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752, 1758 (2018).  The exceptions must therefore be narrowly construed in favor of providing the debtor with a fresh start. *Kabuto Tractor Corp., v. Strack (In re Strack)*, 524 F.3d 493, 497 (4th Cir. 2008) (quoting *Foley & Lardner v. Biondo (In re Biondo)*, 180 F.3d 126, 130 (4th Cir. 1999)).  The Bankruptcy Code excepts from discharge any debt that arises from the "willful and malicious injury by the debtor to another entity or the property of another entity." 11 U.S.C. § 523(a)(6).

To successfully claim that a debt is non-dischargeable under § 523(a)(6), "the plaintiff must prove three elements by a preponderance of the evidence: (1) that the defendant's actions caused an injury to the plaintiff's person or property, (2) that the defendant's actions were willful, and (3) that the defendant's actions were malicious." *Harrold v. Raeder (In re Raeder)*, 409 B.R. 373, 383 (Bankr. N.D.W. Va. 2009).  The test is conjunctive; willful and malicious must be treated as separate elements that should not be mingled together. *Barclays American/Business Credit, Inc. v. Long (In re Long)*, 774 F.2d 875, 880-81 (8th Cir. 1985).  Therefore, a willful injury must also be done maliciously under § 523(a)(6), and each element is analyzed in turn. *See Johnson v. Miera (In re Miera)*, 926 F.2d 741, 743 (8th Cir. 1991).

The exception to discharge under § 523(a)(6) is associated with the law of intentional torts. *See Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998).  Accordingly, injuries stemming from intentional torts are generally non-dischargeable while injuries arising from conduct that is negligent or reckless remain dischargeable. *Id*. at 63.  As stated by the Fourth Circuit:

> [Section] 523(a)(6) applies only to "acts done with actual intent to cause injury . . . ." [T]he mere fact that a debtor engaged in an intentional act does not necessarily mean that he acted willfully and maliciously for purposes of § 523(a)(6) . . . . "Nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury."

*Duncan v. Duncan (In re Duncan)*, 448 F.3d 725, 729 (4th Cir. 2006) (citations omitted).

To sufficiently establish an injury is "willful," a plaintiff must prove that the debtor intended to cause injury. *Houck v. Thomas (In re Thomas)*, Ch. 7 Case Adv. No. 17-ap-03, 2017 Bankr. LEXIS 2270, 2017 WL 3495743, at *2 (Bankr. N.D.W. Va. Aug. 14, 2017). More precisely, if a debtor acts with the intention to cause injury, the debtor acts with the knowledge that the consequences flowing from the act are certain or substantially certain to occur. *Id.* (citing *Barclays American Business Credit v. Long (In re Long)*, 774 F.2d 875, 881 (8th Cir. 1985)). To sufficiently establish an injury as "malicious" under § 523(a)(6), the plaintiff must prove that a debtor acted deliberately and intentionally with a knowing disregard of the plaintiff's rights. *First Nat'l Bank v. Stanley (In re Stanley)*, 66 F.3d 664, 667 (4th Cir. 1995). A malicious injury under § 523(a)(6) does not require the debtor to act with subjective ill will toward another. *Id.* Because a debtor will rarely, if ever, admit to acting in a willful and malicious manner, those requirements may be inferred from the circumstances surrounding the injury. *E.g., St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1010 (4th Cir. 1985) ("Implied malice, which may be shown by the acts and conduct of the debtor in the context of their surrounding circumstances is sufficient under 11 U.S.C. § 523(a)(6).").

In *In re Cardoza*, the court declined to dismiss a § 523(a)(6) proceeding regarding a dog bite. 2019 Bankr. LEXIS 1392, at *2. There, the plaintiff claimed that he suffered a willful and malicious injury when the debtor's dog attacked him. *Id.* at *5. Notably, before it injured the plaintiff, the dog was found to be dangerous pursuant to the local code and the debtors were irresponsible dog owners. *Id.* at *4. Moreover, the debtors failed to confine their dog or otherwise control it. *Id.* The court held that "the willful and malicious components of a § 523(a)(6) claim arising from a dog attack are fact intensive and require the trial court to weigh the particular circumstances of the case." *Id.* at *9. The court declined to determine as a matter of law that a dog attack can never satisfy the requirements of a non-dischargeability claim under § 523(a)(6). *Id.* at 9-10.

In *In re Lababit*, the Ninth Circuit Bankruptcy Appellate Panel affirmed the bankruptcy court's determination that a debt stemming from a dog bite was non-dischargeable under §

5

523(a)(6). 2009 Bankr. LEXIS 4524, at *16-17 (B.A.P. 9th Cir. 2009). There, the debtors' dog killed the plaintiff's cat. *Id*. at *2. Notably, the dog was declared to be a "Potentially Dangerous Animal" before the incident. *Id*. at 3. Although the debtors knew their dog had a propensity for aggression, they failed to confine, muzzle, or leash their dog and they failed to post any warning notices on their property. *Id*. at *15. The court determined that the willfulness requirement of § 523(a)(6) was satisfied because the debtors were aware of their dog's prior history and they knew that injury to the neighbor's cat was substantially certain to result if they failed to confine and control the dog. *Id*. Moreover, the court determined that the malicious requirement of § 523(a)(6) was also satisfied because the debtors repeatedly failed to fulfill their duties, which resulted in the death of their neighbor's cat without justification or excuse. *Id*.

In contrast, in *In re Quezada*, another non-dischargeability case involving an allegedly dangerous dog, the Fifth Circuit affirmed the bankruptcy court's determination that the debt at issue was dischargeable. 718 F.2d at 121-22. Specifically, the court held that the debtors' negligence in allowing a vicious dog that they kept within their fence to escape was not the type of conduct "designed to cause deliberate or intentional injury." *Id.* at 123.

Here, the court must engage in a fact intensive inquiry to determine whether this dog attack can ultimately satisfy the requirements of § 523(a)(6). That, however, is not the court's purpose in adjudging the sufficiency of the Plaintiff's complaint. At this time, the court is satisfied that the complaint states a plausible claim to relief.[1] The facts alleged by the Plaintiff, which also mirror the State Court's findings, appear to be similar to *In re Cardoza* and *In re Lababit*. Particularly, the parties do not dispute that the Debtors' dog bit the Plaintiff's child and caused an injury. The parties dispute whether the Debtors willfully and maliciously caused this injury. Nonetheless, considering the facts in a light most favorable to the Plaintiff, the Debtors failed to confine their dog or adequately control it despite knowing of the dog's propensity for harm after it bit a different child and knocked another child off a bicycle. Rather, the Debtors seemingly allowed the potentially dangerous dog to be outside, without a leash, unconstrained, and without direct supervision, all while in the presence of the Plaintiff and their own child while they rode their bicycles. From those facts, the court could plausibly infer that the Debtors: (1) knew that they

---

[1] It appears that the Plaintiff is making a collateral estoppel argument to prove that the Debtors' conduct was found by the State Court to be "willful and malicious." The Debtors contend that collateral estoppel is inoperative here. However, the court does not need to address that issue to reach its present holding. The facts alleged by the Plaintiff, even unrelated to the State Court's holding, are sufficient to allow Count I to survive the motion to dismiss.

owned a dangerous dog with a propensity to harm others; (2) knew it was substantially certain that their dog would cause injury if they failed to properly confine and control their dog; and (3) failed to fulfill their duties which resulted in an injury to the Plaintiff without justification or excuse for failing to confine and control their dog.  The facts also seem to indicate that that the Debtors' actions were beyond mere negligence.  Therefore, the court declines to dismiss the Plaintiff's non-dischargeability claim under § 523(a)(6).

## B. Count II – Knowing and Fraudulent False Statement or Omission

Regarding Count II of the Plaintiff's complaint, the Debtors argue that the debt is dischargeable although they made a mistake when listing the Plaintiff's judgment as only $25,000.00 in their petition.  Specifically, they claim that this mistake is not a material fact, nor was it made fraudulently or knowingly.

In response, the Plaintiff argues that the court should deny the Debtors' discharge altogether under § 727(a)(4)(A).  Specifically, he claims that the Debtors knowingly concealed material information in their petition when they only listed their debt to the Plaintiffs as $25,000.00 despite a judgment having been rendered against them for a total of $46,570.37.

The Bankruptcy Code provides that the court shall grant a discharge under Chapter 7 unless, among other things, the debtor knowingly and fraudulently made a false oath that is material to the bankruptcy estate. 11 U.S.C. § 727(a)(4)(A).  The purpose of § 727(a)(4)(A) is to enforce a debtor's duty to provide reliable information to those with an interest in the administration of the bankruptcy estate. *See Sheehan v. Stout (In re Stout)*, 348 B.R. 61, 64 (Bankr. N.D.W. Va. 2006) (citation omitted).  To deny a debtor discharge under this section, a plaintiff "must prove by a preponderance of the evidence that: (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement materially related to the bankruptcy case." *Id*. (citing *Williamson v. Fireman's Fund Ins. Co.*, 828 F.2d 249, 251-52 (4th Cir. 1987)).  "A false statement relates to a material matter when it concerns the existence and disposition of the debtor's property." *Thanco Prods. & Imps., Inc., v. Kontos (In re Kontos)*, Adv. No. 12-6073, 2014 Bankr. LEXIS 144, at *21 (Bankr. M.D.N.C. Jan. 13, 2014) (citing *Williamson*, 828 F.2d at 252).

The court previously decided a similar § 727(a)(4)(A) issue.  In *Meraldi v. Couch (In re Couch)*, the Chapter 7 trustee administering the debtor's bankruptcy estate conducted a meeting of creditors and declared that the estate did not contain assets available for liquidation and distribution

to creditors. No. 14-bk-06, Adv. No. 14-ap-12, 2015 Bankr. LEXIS 1181, at *5 (Bankr. N.D. W.Va. April 9, 2015). The trustee's conclusion was supported by the debtor's schedules which reflected that she claimed as exempt her interest in all of the property of the bankruptcy estate such that no property remained available for the trustee's administration. *Id*. If in fact the bankruptcy estate were comprised of property, or if the Plaintiff alleged that the Defendant hid property of the estate, the Defendant's omissions in that regard would have been material. *Id*. However, the court held that it was immaterial whether the debtor misstated the amount of the claims against her bankruptcy estate because no assets were available for creditors in the case. *Id*.

Regarding Count II, the court will grant the Debtors' motion to dismiss. Like in *In re Couch*, this is a no asset case. Whether the Debtors misstated the amount of the claim is immaterial, because it does not relate to the "existence and disposition" of the Debtors' property.

## IV.   CONCLUSION

Based upon the foregoing, and consistent with Fed. R. Bankr. P. 9021, the court will enter a separate order granting in part and denying in part the Debtors' motion to dismiss.